IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MELVIN HOLLIMON | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:07CV1282HSO-JMR |
| | § | |
| JOHN E. POTTER, | § | |
| POSTMASTER GENERAL | § | DEFENDANT |

## ORDER DENYING PLAINTIFF'S MOTION TO RECUSE

Before the Court is the Motion [24], filed on or about May 1, 2009, by Plaintiff Melvin Hollimon, to Recuse, pursuant to 28 U.S.C. § 455. Defendant filed a Response [31]. After consideration of the submissions of the parties, the record in this case, and the relevant law, the Court finds that the Motion should be denied.

Plaintiff filed his Complaint on or about December 28, 2007, asserting, among other claims, a claim of "intentional discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991." Compl. ¶ 23. Plaintiff now requests that the undersigned judicial officer and his law clerks recuse themselves from this case and any other racial discrimination cases in which Plaintiff's counsel serves as counsel of record. Plaintiff cites as grounds for this request that Plaintiff's counsel, Laquetta M. Golden, is currently representing the undersigned's former deputy clerk in a racial discrimination claim, wherein the undersigned and his staff "are referenced throughout the complaint." Pl.'s Mot. at p. 1. Plaintiff vaguely asserts that "[t]he facts of the complaint, if true, may create a personal bias or prejudice toward counsel...," and that "[a]ny ruling that may be

rendered in the future may give the appearance of impropriety, prejudice or personal bias." *Id.* at 1-2.

28 U.S.C. § 455 is the statutory standard for disqualification of a judge. *See Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir. 1975). Section 455(a) is a "'catchall' recusal provision," which encompasses recusal based upon bias or prejudice. *See Liteky v. United States*, 510 U.S. 540, 548 (1994). It provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

"A showing of potential bias by a judge against a party's attorney does not generally suffice to require a judge to disqualify himself or herself under § 455(a)." *Trevino v. Johnson*, 168 F.3d 173, 179 (5th Cir. 1999). The focus in a § 455 analysis should be on the Court's bias or prejudice or lack of impartiality towards a party, not a party's counsel. *See Davis*, 517 F.2d at 1052; *see also Gomez v. St. Jude Medical Daig Div. Inc.*, 442 F.3d 919, 938 (5th Cir. 2006) ("In evaluating disqualification under section 455, the question is whether the court is biased against a party, not whether the court is annoyed with the party's counsel.").

> Bias for or against an attorney, who is not a party, is not enough to require disqualification unless it can also be shown that such a controversy would demonstrate a bias for or against the party itself. *Davis*, 517 F.2d at 1050-51. In order for bias against an attorney to require disqualification of the trial judge, it must be of a continuing and personal nature and not simply bias against the attorney....*Id.* at 1051.

*Henderson v. Department of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990).

The Court is not persuaded that Plaintiff has made an initial showing of potential bias sufficient to trigger a § 455 analysis. In addition, Plaintiff has not alleged bias sufficient to justify a finding of constructive bias against him. *See Trevino*, 168 F.3d at 180 n.2. Nor has Plaintiff asserted that the source of any such bias against Plaintiff's attorney (*i.e.*, counsel's simultaneous representation of a former deputy clerk in a racial discrimination claim which merely references the undersigned and his law clerks) amounts to a bias against a group of which Plaintiff is a member. *See id.*

Plaintiff's burden under § 455(a) is an objective one. *See id.* at 178. A judge must recuse from a case if a "'reasonable man, *were he to know all the circumstances*, would harbor doubts about the judge's impartiality.'" *Id.* (emphasis added) (*quoting Health Servs. Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800 (5th Cir. 1986)). The Court cannot agree that a reasonable person with full knowledge of all the relevant circumstances would harbor doubts of the undersigned's impartiality in this case or other future racial discrimination cases involving Plaintiff's counsel simply because Plaintiff's counsel is representing the former employee in a separate proceeding, which is not pending before the undersigned.

Moreover, "a judge is not disqualified merely because a litigant sues or threatens suit." *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). If a judge need not recuse himself where a party has filed a suit against him, it logically follows that a judge need not recuse himself because the party's attorney is representing a different client in a different proceeding in which the judge's name is referenced. This is

especially true where, as here, the judge is nescient of the alleged grievances. *See Trevino v. Johnson,* 168 F.3d 173, 179 (5th Cir. 1999); *see also Hassell v. United States of America,* No. 3:04cv974, 2004 WL 2331599, at * 2 (N.D. Tex. Oct. 14, 2004) ("...unfounded, frivolous, and scurrilous allegations of a judge's crimes against the movant are insufficient to establish grounds for recusal.").

Based on the foregoing, the record does not support the conclusion that an objectively reasonable person, knowing all of the facts and circumstances, would harbor doubts about the judge's impartiality in this case. Plaintiff's Motion must therefore be denied.[1]

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [24], filed on or about May 1, 2009, by Plaintiff Melvin Hollimon, to Recuse, is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 12th day of June, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[1]To the extent Plaintiff's Motion seeks recusal pursuant to § 455(b)(1), such request is also denied. Section 455(b)(1) provides for recusal where a judge has a "personal bias or prejudice concerning a party...." 28 U.S.C. 455(b)(1). Sections 455(a) and 455(b)(1) provide separate, though overlapping grounds for recusal, and both are reviewed under an objective standard. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). Denial of the Motion would therefore be appropriate pursuant to § 455(b)(1) for the same reasons articulated in the Court's discussion of § 455(a).